IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VERNON MONTGOMERY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-257 (MN) |
| | ) |
| SGT. RUSSELL, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM OPINION</u>**

Vernon Montgomery, Smyrna, Delaware – *Pro Se* Plaintiff

May 6, 2022
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff Vernon Montgomery ("Plaintiff" or "Montgomery"), an inmate at the James T. Vaughn Correctional Center, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3). He filed an Amended Complaint on March 9, 2022, and it is the operative pleading. (D.I. 6). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). This Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

## I. BACKGROUND

In July 2021, Defendant Sgt. Russell ("Russell") maced Plaintiff with a "whole" can. (D.I. 5, 6). When Lt. Parsons and Sgt. Farmar responded, Plaintiff alleges that Russell lied and screamed, "he hit me." (D.I. 6 at 6). Plaintiff was charged with seven offenses, found guilty on four of the charges and not guilty on the remaining three, one of which was assault on staff. (D.I. 3-1 at 1). Plaintiff alleges that Russell used excessive force, assaulted him, and falsified documents. (D.I. 6 at 6).

Plaintiff submitted a grievance regarding the incident, asking to change or add a policy that stops inmates for facing charges when it is clear the officer lied. (*Id.*). Defendant Sgt. K. Burley ("Burley") responded to the grievance and, according to Plaintiff, she rejected it. (D.I. 1 at 3-1; D.I. 6 at 6). He also submitted a grievance asking for Russell to face discipline and/or be fired. (D.I. 6 at 6). Casey J. Phelps "(Phelps") investigated the matter, reported that Plaintiff did not want to talk to him about the grievance, and that Plaintiff wanted Defendant Matthew Dutton ("Dutton") to take care of the grievance. (D.I. 3-1 at 5). Plaintiff alleges that Phelps lied. (D.I. 6 at 6). Dutton asked Frank Kromka to investigate the matter as a staff issue. (D.I. 3-1 at 5). The grievance was returned unprocessed and advised Plaintiff to write his Unit Commander with the request and that he could appeal a response to the Operations Superintendent and then to the

1

Warden. (*Id*. at 6). It also advised Plaintiff "per grievance policy, after unit commander completes investigation the grievance is marked return/unprocessed for staff issue." (*Id*. at 6-7). Plaintiff alleges that the grievance committee refused to allow him to appeal and blocked access for Plaintiff to hold Russell accountable. (*Id*. at 6). Warden May ("May") is named as a defendant "by maintaining and conspiring to maintain a noxious environment of violence and staff assaults. A culture of coverups." (*Id.* at 7). Plaintiff alleges that Burley and Dutton conspired with May to violate his civil rights. (*Id*. at 6). Finally, Plaintiff alleges that after he was sprayed by Russell he was not allowed to shower for three days and that JTVCC does not have a decontamination protocol in violation of the Eighth Amendment.[1] (*Id*. at 7).

Plaintiff seeks compensatory and punitive damages as well as injunctive relief. (*Id*. at 8).

**II.      LEGAL STANDARDS**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Amended Complaint, "however inartfully

---

[1] This issue is not addressed. The allegations do not point to the personal involvement of any defendant.

2

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d. at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, this Court, however, must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter,

3

accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.  DISCUSSION

#### A.  Excessive Force

Plaintiff has alleged what appears to be a cognizable excessive force claim under 42 U.S.C. § 1983 and an assault claim under state law.

#### B.  False Disciplinary Report

Plaintiff alleges that Russell violated his constitutional rights when he submitted a false disciplinary report. The filing of false disciplinary charges does not constitute a claim under § 1983 so long as the inmate was granted a hearing and an opportunity to rebut the charges. *Crosby*

*v. Piazza*, 465 F. App'x 168, 172 (3d Cir. 2012) (citing *Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002)). It is clear from the allegations that Plaintiff was granted a hearing on the charges. Therefore, the claim will be dismissed as legally frivolous.

    **C.**    **Conspiracy**

Plaintiff alleges that May, Dutton, and Burley conspired to violate his constitutional rights. To state a conspiracy claim under § 1983, Plaintiff must show that "persons acting under color of state law conspired to deprive him of a federally protected right." *Gannaway v. Berks Cty. Prison*, 439 F. App'x 86, 93 (3d Cir. 2011). "[T]he linchpin for conspiracy is agreement." *Id*. (quoting *Bailey v. Board of Cty. Cmm'rs*, 956 F.2d 1112, 1122 (11th Cir. 1992)).

Plaintiff's conspiracy claim rests upon the grievances he submitted, the grievance process, and actions taken by Dutton and Burley in investigating the grievances and finding the grievances non-grievable. Plaintiff alleges that May conspired with Dutton and Burley and that May also conspired to maintain a noxious environment of violence and staff assaults and culture of coverups.

Although the filing of prison grievances is a constitutionally protected activity, *Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006), to the extent that Plaintiff bases his claims upon his dissatisfaction with the grievance procedure or denial of his grievances, the claims fail because an inmate does not have a "free-standing constitutionally right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). In addition, the denial of grievance appeals does not in itself give rise to a constitutional claim as Plaintiff is free to bring a civil rights claim in District Court. *Winn v. Department of Corr.*, 340 F. App'x 757, 759 (3d Cir. 2009) (citing *Flick v. Alba*, 932 F.2d at 729).

The conspiracy claim is pled in a conclusory manner. Notably, the allegations do not allege that Plaintiff was deprived of a federal right. Nor do they show that Defendants had an agreement, implicit or otherwise, to deprive Plaintiff of his federal rights. The conspiracy claim is frivolous and will be dismissed. To the extent Plaintiff attempts to raise a claim complaining of the grievance process, the claim is also frivolous and it too will be dismissed.

## IV.     CONCLUSION

For the above reasons, this Court will allow Plaintiff to proceed on the excessive force and assault claims against Russell and dismiss all other claims and Defendants pursuant 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

An appropriate Order will be entered.